**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 09-1695 & 09-3441 (CONSOLIDATED)
_____

JANICE GILMORE,
                                        Appellant
v.

MACYS RETAIL HOLDINGS, INC.

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. Action No. 1:06-cv-03020)
District Judge: Honorable Jerome B. Simandle

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 23, 2010
Before:  SLOVITER, CHAGARES and WEIS, <u>Circuit</u> <u>Judges</u>
(Opinion filed: June 30, 2010)
_____

OPINION
_____

PER CURIAM.

Janice Gilmore appeals a final judgment by the United States District Court

for the District of New Jersey entered on February 10, 2009, and an order taxing costs

entered on June 19, 2009.  We will affirm the District Court's decisions.

I. <u>Background</u>

Since 1989, Gilmore has been employed by a department store operated by

Appellee Macys Retail Holdings Inc. ("Macy's"). Gilmore claims Macy's discriminated against her on the basis of race (African American). After obtaining a right-to-sue letter from the EEOC in 2006, Gilmore filed an employment discrimination action in Atlantic County Superior Court under Title VII of the Civil Rights Act, see 42 U.S.C. § 2000e, and New Jersey law.

In her complaint, Gilmore alleges she began working in the Gold Bay of Macy's Fine Jewelry Department in 2001.[1] Despite expressing an interest in being promoted to the Diamond Bay, Macy's did not grant her request. When a Diamond Bay position became available in 2004, a white employee, Jeanette Rutter, received the promotion over Gilmore. Gilmore also claims she was treated more poorly than white employees in the Fine Jewelry Department because: (1) Diamond Bay associates did not request Gilmore to fill in for them during their absences, and instead preferentially requested white associates; (2) Gilmore was called upon to do "maintenance tasks," such as sizing watches, on a disproportionate basis relative to white employees; (3) Gilmore and other black employees were not given the combination to the alarm and vault for the Diamond Bay; and (4) Gilmore was not permitted to become a Counter Specialist within the Fine Jewelry Department. Gilmore eventually received a promotion to the Diamond Bay in 2007. She continues to work for Macy's.

In July 2006, Macy's removed Gilmore's action to the District Court.

---

[1] Macy's Fine Jewelry Department is divided into three areas: the Diamond Bay, the Gold Bay, and the Watch Bay.

Before the District Court, Gilmore was represented by privately-retained counsel. After a period of discovery, Macy's moved for summary judgment, and Gilmore opposed the motion. On March 11, 2008, the District Court granted summary judgment to Macy's on all claims except one: a disparate treatment claim that Macy's denied Gilmore an equal opportunity to fill in for absent Diamond Bay employees on account of her race. Gilmore's action proceeded on that claim.

The District Court entered the parties' joint pre-trial order in August 2008 and scheduled trial for January 2009. In December 2008, Gilmore filed a motion to amend, seeking to raise new claims based upon events that occurred after her promotion to the Diamond Bay. The District Court denied the motion.

Gilmore's disparate treatment claim proceeded to a jury trial beginning on February 2, 2009. On February 10, 2009, the jury returned a verdict in favor of Macy's and Gilmore timely filed a pro se notice of appeal.[2] As the prevailing party, Macy's moved for costs. On June 19, 2009, the District Court awarded Macy's costs in the amount of $4,861.30. Gilmore filed a second timely pro se notice of appeal. We have consolidated the appeals.

## II. Analysis

In her opening brief, Gilmore challenges decisions made at all stages of the District Court proceedings. Her claims are largely conclusory, unclearly articulated, and

---

[2] From the record, it appears Gilmore had a falling out with her counsel sometime shortly after conclusion of the trial.

lacking in both legal and record support.  See Fed. R. App. P. 28(a); see also Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993) (cursory treatment of an issue in a brief is insufficient to preserve the issue on appeal).  Particularly in light of the voluminous record below, Gilmore has provided little basis for us to meaningfully review her claims.  Nevertheless, in light of her current pro se status and our consequent liberal construction of her pleadings and submissions, see Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003), we have interpreted her claims as best we can understand them and have conducted a reasonable review to determine whether she has presented grounds for disturbing any decision reached by the jury or by the District Court.  We conclude she has not.[3]

A.

We exercise plenary review over the District Court's decision granting partial summary judgment to Macy's.  See Stratton v. E.I. du Pont De Nemours & Co., 363 F.3d 250, 253 (3d Cir. 2004).  We review the facts in the light most favorable to Gilmore and will affirm if there is no genuine issue as to any material fact and Macy's is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  We will affirm the District Court's decision.

---

[3] Many of Gilmore's claims concern her former counsel's allegedly unsatisfactory performance.  Gilmore's dissatisfaction with her attorney does not provide grounds for appeal.  See Walker v. Sun Ship, Inc., 684 F.2d 266, 268 (3d Cir. 1982) (because a litigant "voluntarily chose this attorney as his representative in the action, . . . he cannot now avoid the consequences of the acts or omissions of this freely selected agent."); Kushner v. Winterthur Swiss Ins. Co., 620 F.2d 404, 408 (3d Cir. 1980) (civil litigants do not have a right to effective assistance of counsel).

First, the District Court disposed of Gilmore's "failure to promote" claim, which was based upon Macy's selection of Jeannette Rutter for a position in the Diamond Bay. Under the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), Gilmore was required to establish a prima facie case by evidence, among other things, that the person who filled the desired position had equivalent or lesser qualifications. See also Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ., 470 F.3d 535, 541-42 (3d Cir. 2006). The District Court determined there was no genuine dispute that Rutter was significantly more qualified than Gilmore. Gilmore does not contest this conclusion, and we agree that summary judgment was appropriate.

Next, the District Court granted summary judgment on all but one of Gilmore's disparate treatment claims because she could not make the necessary prima facie showing that "nonmembers of the protected class were treated more favorably."[4] Abramson v. William Paterson Coll. of N.J., 260 F.3d 265, 281-82 (3d Cir. 2001). Gilmore contends the District Court reached "most inaccurate" findings on her claim that she was unfairly denied scheduling preference.[5] Gilmore cites no evidence supporting her

---

[4] According to the District Court, Gilmore stated in her deposition that she performed "maintenance" tasks, such as sizing watches, as frequently as a white colleague; she acknowledged that two Fine Jewelry Counter Specialists were African American; and she stated that she never requested the combinations to the Diamond Bay safe and alarm, but the African American employee who did request them received the combinations. On appeal, Gilmore does not dispute these findings.

[5] According to the District Court, Gilmore's deposition testimony indicated that, when she informed her manager that a less senior employee had been given Gilmore's preferred

contention and, notably, has "acknowledged that an associate may not have guaranteed days off." (See Docket No. 27 at 18.) We are not persuaded of the existence of a material dispute of fact warranting a trial on this claim.

Finally, the District Court concluded Gilmore was not entitled to pursue punitive damages, because she provided no evidence allowing an inference that Macy's acted with malice or reckless indifference to her rights.[6] See Kolstad v. Am. Dental Ass'n, 527 U.S. 526, 534 (1999). In response, Gilmore claims Macy's refused to produce a copy of her employee file, which would support her allegations concerning the number of times she consulted management about the infringement of her rights. While adequate discovery is necessary prior to a summary judgment award, see Celotex Corp., 477 U.S. at 322; Fed. R. Civ. P. 56(f), the record does not reflect that Gilmore ever previously claimed she had inadequate access to discovery.[7] Moreover, it appears that the employee file would be cumulative of Gilmore's testimony about her efforts to inform management about the alleged discrimination. We will not disturb the District Court's decision on this

schedule (i.e., Mondays off), the manager responded to Gilmore's request. (See Docket No. 40 at 23.) Gilmore concedes that she ultimately received Mondays off, but argues that the District Court mischaracterized her testimony because her manager granted the request only after several white employees (some less senior than Gilmore) received Mondays off.

[6] The District Court also concluded that Gilmore did not provide evidence of deliberate indifference to "especially egregious" conduct, as required for punitive damages under New Jersey's Law Against Discrimination. See Rendine v. Pantzer, 661 A.2d 1202, 1215 (N.J. 1995).

[7] Similarly, to the extent Gilmore argues that Macy's improperly withheld other employee records, the record does not reflect that she raised any discovery dispute before the District Court.

basis.

B.

Next, Gilmore contests the District Court's January 20, 2009 order denying

her motion to amend the complaint. The District Court construed the motion as one to

amend the pre-trial order under Fed. R. Civ. P. 16(e), which permits amendment "only to

prevent manifest injustice." We review orders denying amendment for abuse of

discretion. See Caver v. City of Trenton, 420 F.3d 243, 260 (3d Cir. 2005). We conclude

the District Court acted within its discretion in denying leave to amend the pre-trial

order.[8] See id.; see also Thomas v. E. J. Korvette, Inc., 476 F.2d 471, 476 (3d Cir. 1973)

(appellate interference with the District Court's discretion concerning amendment of the

pre-trial order should be kept to a minimum). Gilmore's claim therefore lacks merit.[9]

---

[8] The District Court concluded that adding new claims on the eve of trial would be prejudicial to Macy's and that, because Gilmore had been aware of the underlying facts for several months, the motion appeared to be tactical. Based upon these findings, we would affirm the order even if the District Court had considered the motion under the more liberal amendment provisions of Fed. R. Civ. P. 15(a). See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) (dilatory motive and prejudice are among the grounds justifying denial of leave to amend).

[9] The District Court granted Macy's permission to depose Gilmore on the proposed new claims, "without prejudice to either party's position on Plaintiff's motion to amend." On appeal, Gilmore claims she should not have been deposed a second time. However, particularly in light of the late date on which she filed her motion to amend, we find no abuse of discretion in the District Court's decision to permit Macy's to explore Gilmore's proposed new claims prior to the scheduled trial date, despite the ultimate decision not to permit amendment. For the same reason, we find no abuse of discretion in the District decision ordering Gilmore to pay the cost of the second deposition .

C.

Gilmore claims the District Court issued several erroneous rulings during trial. We consider each of her claims in turn.

I.

First, Gilmore claims error based upon the composition of the jury, stating she "could not understand why there were so many teachers on the jury, when I myself had already had so many televised oppositions to teachers and teacher related issues as the president and vice president of the Parent Advisory Counsel." (Informal Brief at 4.) A challenge to the composition of the jury must be made contemporaneously, or it is waived. See Abu-Jamal v. Horn, 520 F.3d 272, 284 (3d Cir. 2008), vacated on other grounds sub nom. Beard v. Abu-Jamal, 130 S. Ct. 1134 (2010); see also McCrory v. Henderson, 82 F.3d 1243, 1249 (2d Cir. 1996). It does not appear that Gilmore raised such an objection. In any event, Gilmore has not provided a basis for concluding that the presence of teachers on the jury caused its composition to be unconstitutional or unrepresentative of a fair cross-section of her community.[10]

ii.

Gilmore next contends the District Court improperly excluded certain witnesses from testifying at trial. Gilmore has not specifically identified any witness she

---

[10] See 28 U.S.C. § 1861 et seq.; J.E.B. v. Alabama ex rel. T.B., 511 U.S. 127, 128-29 (1994) (litigants have an equal protection right to jury selection procedures free from discrimination); Taylor v. Louisiana, 419 U.S. 522, 538 (1975) (litigants are not entitled to juries of a particular composition).

wished to present, and has not provided any relevant District Court ruling. In attempting to respond to Gilmore's claim, Macy's directs our attention to a bench ruling in which the District Court concluded, after witness proffers by Gilmore's counsel and argument by both parties, that five of Gilmore's proposed witnesses should not be permitted to testify. (S.A. 274-83.) We find no abuse of discretion in the District Court's ruling and, in any event, the ruling does not provide grounds for disturbing the jury's verdict. See Abrams v. Lightolier Inc., 50 F.3d 1204, 1213 (3d Cir. 1995).

iii.

Finally, Gilmore claims the District Court issued an erroneous jury instruction. She states, "Judge Simandle changed the words presented to the jurors to state that Janice Gilmore did not receive a FAIR OPPORTUNITY to fill in at the diamond wall in the absence of a diamond wall associate instead of the original Janice Gilmore did not receive an EQUAL OPPORTUNITY." (Informal Brief at 2.) We have reviewed the jury charge and questionnaire, and find that Gilmore's claim lacks support.[11] Moreover, so long as the jury instructions provide an accurate and fair statement of the law, the trial judge has discretion as to the style and wording employed. Douglas v. Owens, 50 F.3d 1226, 1233 (3d Cir. 1995). The District Court provided a reasonable statement of the law and Gilmore has offered no basis for concluding otherwise.

---

[11] The District Court instructed the jury: "Plaintiff alleges that Macy's denied her the same opportunity to work at the Diamond Bay as her white colleagues . . ., and that such denial was based upon her race." (Docket No. 116 at 17.) Gilmore's counsel specifically agreed to the District Court's phrasing of this instruction. (See Docket No. 155 at 65.)

D.

Gilmore claims that the "facts do not support jury's verdict."[12]  Notably, the record does not reflect that Gilmore preserved a claim that the verdict was against the weight of the evidence by presenting it to the District Court.[13]  See Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc., 546 U.S. 394, 404-05 (2006); Yohannon v. Keene Corp., 924 F.2d 1255, 1262 (3d Cir. 1991).  Moreover, a new trial may be granted on the basis that a verdict was against the weight of the evidence only if a miscarriage of justice would occur if the verdict were to stand.  See Fineman v. Armstrong World Indus., Inc., 980 F.2d 171, 211 (3d Cir. 1992).  Gilmore has not established that the verdict results in a miscarriage of justice.  She argues only that witnesses testified untruthfully and that their deposition testimony conflicted with their trial testimony.  Evaluation of witness credibility is part of the jury's role as factfinder.  Sheridan v. E.I. du Pont de Nemours & Co., 100 F.3d 1061, 1072 (3d Cir. 1996).  The record reflects that Gilmore's counsel had the opportunity to cross-examine Macy's witnesses.  The jury was free to assess the credibility of the witnesses and to believe or disbelieve the facts presented by each side.

---

[12]  Gilmore also complains that a juror fell asleep at trial.  (Informal Brief at 3.)  However, she has provided nothing to reflect that the District Court was made aware of the juror's alleged inattentiveness and, based upon our review, the issue is not apparent in the record.  Gilmore's unsubstantiated claim is not a sufficient basis for disturbing the jury's verdict.

[13]  A party may present a claim that a jury's verdict was against the weight of the evidence by (1) filing a motion for judgment as a matter of law at the close of evidence followed by a renewed motion after trial, Fed. R. Civ. P. 50; and/or (2) filing a motion for a new trial after the jury returns its verdict, Fed. R. Civ. P. 59.

E.

Finally, the District Court ordered Gilmore to pay Macy's costs, totaling $4,861.30. Gilmore objects to a portion of that award.[14] In general, costs should be allowed to a prevailing party. See Fed. R. Civ. P. 54(d)(1). We review the District Court's order for abuse of discretion. See In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 458 (3d Cir. 2000). We have reviewed Gilmore's claims and none establishes an abuse of discretion. We therefore will affirm the District Court's order.[15]

## III. Conclusion

We have reviewed the record and conclude that none of Appellant's remaining claims has merit. For the foregoing reasons, we will affirm the judgment of the District Court. Gilmore's motion for leave to submit a supplemental appendix is granted to the extent the proposed supplemental appendix contains documents appearing in the District Court record. We will not consider any documents that do not appear in the District Court record. See Fassett v. Delta Kappa Epsilon (New York), 807 F.2d

---

[14] Specifically, Gilmore argues she should not be taxed for the cost of deposing Sherry McCord, on the ground that Macy's did not provide her a copy of it; she objects to the cost of her second deposition, on the ground that the District Court did not allow her to amend her complaint to pursue the claim discussed in that deposition; and she objects to being charged for service of subpoenas upon, and for "lavish" transportation and meals for, four Macy's witnesses.

[15] In her first notice of appeal, Gilmore purported to appeal from an order entered February 27, 2009, which partially granted Macy's motion for sanctions and for attorney's fees and costs. The Magistrate Judge subsequently specified in an order entered November 13, 2009, that the sanctions order applies only to Gilmore's former counsel. Because these orders do not apply to Gilmore directly and because she has raised no specific dispute concerning them, we will not consider those orders here.

1150, 1165 (3d Cir. 1986) ("The only proper function of a court of appeals is to review the decision below on the basis of the record that was before the district court.").